# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ECHO J. ALONZO,

    Plaintiff,

CASE NO.: 8:23-cv-2832-CEH-AEP

v.

PRECISION INFINITI, INC.
d/b/a INFINITI OF TAMPA,
a Georgia For-Profit Corporation,

    Defendant(s).
_____/

## DEFENDANT'S MOTION TO COMPEL ARBITRATION
## AND INCORPORATED MEMORANDUM OF LAW

PRECISION INFINITI, INC. d/b/a INFINITI OF TAMPA (hereinafter "Infiniti of Tampa"), by and through its undersigned counsel, hereby moves the Court for entry of an order compelling this matter to arbitration, and in support thereof states:

### I.    FACTUAL AND PROCEDURAL BACKGROUND

1. According to Plaintiffs' Complaint, Plaintiff leased a 2019 Infiniti Q50 (VIN JN1EV7AP4KM514086)) (hereinafter "Vehicle") from Infiniti of Tampa on or about September 17, 2019. *See* Dkt.1 at ¶5; Dkt. 1-1; Motor Vehicle Lease Agreement with Arbitration Clause attached hereto as **Exhibit A** (hereinafter "Lease Agreement").

2. In her Complaint, Plaintiff alleges Infiniti of Tampa violated the Consumer Leasing Act in the lease and subsequent purchase of the Vehicle by Plaintiff. Dkt. 1 at ¶¶18-35.

3. On December 12, 2023, Plaintiff filed her Complaint in this matter alleging a single count of violation of the federal Consumer Leasing Act regarding the lease and subsequent sale of the Vehicle to Plaintiff and alleged damages. *See* Dkt. 1.

## II.     MOTION TO COMPEL ARBITRATION

### A. Plaintiff's Claim Against Infiniti of Tampa is Subject to Arbitration

The Lease Agreement executed by Plaintiff Echo Alonzo on September 17, 2019, as indicated in its title, contains an arbitration provision. *Dkt. 1-1 at p. 3*. The arbitration provision authorizes either party to request and receive binding arbitration and states:

> **ARBITRATION PROVISION - IMPORTANT – PLEASE REVIEW - AFFECTS YOUR LEGAL RIGHTS**
> 1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE, EXCEPT AS STATED BELOW, BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL**....
> Except as otherwise stated below, any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this clause and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, lease or condition of this vehicle, this Lease agreement or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.
> ...

2

>This Arbitration Clause shall survive any termination, payoff or transfer of this Lease.

*Id.*

Additionally, the Lease Agreement contains Plaintiff's signature below the arbitration provision that states:

>**Notice regarding Arbitration: By Signing below, you acknowledge that this Lease contains an Arbitration Clause and that you have read it. READ THE ARBITRATION CLAUSE IN SECTION 29 BEFORE SIGNING HERE.**

*Id.* at p. 4.

Under Florida law, there are three factors a court must consider when ruling on a motion to compel arbitration: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate has been waived. *See Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999); *Florida Farm Bureau Ins. Co. v. Pulte Home Corp.*, 2005 WL 1345779, *3 (M.D. Fla. 2005).

In this case, there is a valid written agreement to arbitrate (Lease Agreement) and Plaintiff's claim, which arises out of and relates to the Lease Agreement and subsequent relationship of the parties regarding the purchase of the Vehicle, present arbitrable issues within the express scope of the arbitration provision in the parties' Lease Agreement. Moreover, no contention can be made that Infiniti of Tampa has waived its right to arbitrate, as this motion to compel arbitration is Infiniti of Tampa's first filing in this case, thus, the Court should compel Plaintiff to arbitration. *Kaplan v. Divosta Homes, L.P.*, 983 So.2d 1208

(Fla. 2d DCA 2008)(arbitration clause survives termination of agreement); s*ee Jackson v. Shakespeare Foundation, Inc*, 108 So. 3d 587, 593 (Fla. 2013) (citing *Seifert v. U.S. Home Corp.*, 750 So.2d 633, 636 (Fla.1999); *Milbar Medical Company, Inc. v. Medicis Pharmaceutical Corporation*, 741 So.2d 198 (Fla. 4th DCA 1999)(arbitration provision survives termination of agreement); *Serra v. Saturn of Clearwater, Inc.*, 2008 WL 5412213 (M.D. Fla. 2008)(Dealership's exercise of its right to cancel does not render the contract void and permits arbitration).

Courts generally favor arbitration agreements and will resolve any ambiguity in an arbitration provision in favor of arbitration. *Id.* Florida courts have recognized that "all questions concerning … the right to arbitrate under contracts should be resolved in favor of arbitration rather than against it." *See K.P. Meiring Constr. Inc. v. Northbay I. & E. Inc.*, 761 So.2d 1221 (Fla. 2d DCA 2000)(quoting *Beverly Hills Dev. Corp. v. George Wimpey of Fla., Inc.*, 661 So.2d 969, 971 (Fla. 5th DCA 1995). Under Florida law, arbitration clauses are to be given the "broadest possible interpretation to accomplish the salutary purpose of resolving controversies out of court." *See Royal Caribbean Cruises Ltd. v. Universal Employment Agency*, 664 So.2d 1107, 1108 (Fla. 3d DCA 1996).

Notwithstanding Plaintiff's written express agreement in the Lease Agreement to arbitrate any and all disputes arising out of or relating to the lease of the Vehicle at issue or resulting relationship with Infiniti of Tampa and the express waiver of the right to litigate any such disputes in court, Plaintiff has filed a

4

Complaint in this Court alleging the very type of claim that was agreed to be subject to binding arbitration.

### B. Challenges To The Validity Of The Lease Agreement Are To Be Resolved In Arbitration

Should Plaintiff argue in an attempt to avoid arbitration that the Lease Agreement is an invalid contract, such argument should fail because Plaintiff would be challenging the validity of the Lease Agreement as a whole, which is an issue to be resolved by the arbitrator – not the court. According to the United States Supreme Court, "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 126 S. Ct. 1204, 1209 (2006); *see also Wiand v. Schneiderman*, 778 F. 3d 917, 924 (11th Cir. 2015) ("Challenges to the validity of the contract" are for the arbitrator to decide).

Moreover, even if Plaintiff were challenging the validity of the Arbitration Clause and not the contract as a whole, Plaintiff's claims would still be subject to arbitration because the parties expressly agreed in the Lease Agreement that any claim or dispute "including the interpretation and scope of this clause and the arbitrability of the claim or dispute" shall "be resolved by neutral, binding arbitration and not by a court action." Dkt. 1-1 at p. 3. *See, e.g., Bank's v. Cashcall, Inc.*¸ 2016 WL 3021749, *3 (M.D. Fla. 2016) ("Under a delegation provision 'parties may agree to commit even threshold determinations to an arbitrator, such as whether an arbitration agreement is enforceable.' … 'When an arbitration

agreement contains a delegation provision and the plaintiff raises a challenge to the contract as a whole, the federal courts may not review this claim because it has been committed to the power of the arbitrator'.")

WHEREFORE, for the reasons set forth herein, Infiniti of Tampa respectfully requests the Court compel arbitration of this matter.

### III.   REQUEST FOR RELIEF

WHEREFORE, for the reasons set forth herein, Infiniti of Tampa respectfully requests the Court compel arbitration of this matter[1], and for such other and further relief as the Court deems appropriate, just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Court by using the CM/ECF system, thereby furnishing copies to all counsel of record on January 3, 2024.

*/s/ Christopher S. Branton*
CHRISTOPHER S. BRANTON
Florida Bar No. 0825611
Nicole Walsh; Florida Bar No. 111961
HILL, WARD & HENDERSON, P.A.
P. O. Box 2231
Tampa, Florida 33601-2231
(813) 221-3900 – Phone
(813) 221-2900 – Fax
chris.branton@hwhlaw.com
nicole.walsh@hwhlaw.com
Attorneys for Defendant Precision Infiniti, Inc. d/b/a Infiniti of Tampa

---

[1] Infiniti of Tampa reserves its right to further respond to and/or challenge the sufficiency of the Complaint and the claim being brought at the appropriate time in arbitration.

19055560v1

6